**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DUSTIN CONFER, on behalf      )
of himself and all others      )
similarly situated,      )
            Plaintiff,      )
     )      **CIVIL ACTION**
v.      )
     )      **No. 2:23-cv-2028**
MILWAUKEE ELECTRIC TOOL CORP.      )
     )
           Defendant.      )
_____ )

**MEMORANDUM AND ORDER**

On January 24 2023, Dustin Confer, individually and on behalf of other persons similarly situated, filed suit against Milwaukee Electric Tool Corporation. Plaintiff alleges that defendant violated the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq. Plaintiff further asserts claims for unjust enrichment and breach of implied warranty. This matter is before the Court on Defendant Milwaukee Electric Tool Corporation's Motion To Dismiss Count II Of Plaintiff's Complaint And Motion To Dismiss Or Strike Plaintiff's "Nationwide Class" Allegations (Doc. #11) filed March 24, 2023. For reasons stated below, the Court overrules the motion.

**Legal Standards**

**I.**     **Personal Jurisdiction**

When defendant files a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), plaintiff must establish personal jurisdiction over defendant. Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch, 750 F.3d 1178, 1179-80 (10th Cir. 2014). At these preliminary stages of litigation, plaintiff's burden to prove personal jurisdiction is light. AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1056 (10th Cir. 2008). To

defeat the motion, plaintiff need only make a prima facie showing of personal jurisdiction.  Id.  He

can do so by showing facts, via affidavit or other written materials, that if true would support

jurisdiction over defendant.  Id.  When evaluating the prima facie case, the Court must resolve all

factual disputes in favor of plaintiff.  Id.

## II.      Failure To State A Claim

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as

true all well-pleaded factual allegations and determines whether they plausibly give rise to an

entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss,

a complaint must contain sufficient factual matter to state a claim which is plausible—not merely

conceivable—on its face.  Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial

experience and common sense.  Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.

See id. at 678.  Plaintiff makes a facially plausible claim when he pleads factual content from

which the Court can reasonably infer that defendant is liable for the misconduct alleged.  Id.

However, plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it

is not enough to plead facts that are "merely consistent with" liability.  Id. (quoting Twombly, 550

U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements

of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Id.

Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere

possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is

entitled to relief.  Id. at 679.  The degree of specificity necessary to establish plausibility and fair

notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on

the type of case.  <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1248 (10th Cir. 2008).

## **Factual And Procedural Background**

Highly summarized, plaintiff's complaint alleges as follows:

Plaintiff is a citizen of Kansas.  <u>Class Action Complaint & Demand For Jury Trial</u> (Doc. #1) filed January 24, 2023 ¶ 27.  Defendant is incorporated in Delaware, has its principal place of business in Wisconsin and is registered to do business in Kansas.  <u>Id.</u> ¶ 33.  Defendant designed, manufactured, distributed and/or sold at least 40 different types of organic bonded abrasive discs, but did not include a clear expiration warning or label on such discs.  <u>Id.</u> ¶¶ 1, 3.  After their expiration date, the discs become too brittle and/or weak to use safely and reliably.  <u>Id.</u> ¶ 6.  A leading manufacturer of abrasives cautions that "[u]sing a disc outside of its expiry date *will* lead to disc failure and a high probability of causing severe injury to the operator and anyone nearby." <u>Id.</u> ¶ 8 (emphasis in original).

On March 30, 2021, plaintiff purchased one of defendant's organic bonded abrasive discs at Home Depot in Olathe, Kansas.  <u>Id.</u> ¶ 40.  Plaintiff could not use the disc because he did not know if it had expired, so the disc was worthless.  <u>Id.</u> ¶ 45.  Before selling, distributing or advertising the discs, defendant knew or should have known that the discs did not include a clear expiration warning or label.  <u>Id.</u> ¶ 7.

Count I alleges that in violation of the KCPA, defendant engaged in unlawful practices including willful deception, false promises, misrepresentation and/or the concealment, suppression or omission of material facts—specifically, failure to include a clear expiration date—in connection with the sale, distribution or advertisement of defective organic bonded abrasive discs. <u>Id.</u> ¶ 69.  Count II alleges unjust enrichment, and Count III alleges breach of implied warranty.  <u>Id.</u> ¶¶ 79, 87.  Plaintiff seeks a refund of monies paid to purchase the disc and, in the alternative, the

difference between the disc as is and the disc as represented.  Id. ¶ 32.  Plaintiff asks the Court to enjoin defendant from selling its discs without clear expiration warnings and labels.  Id.

Pursuant to Fed. R. Civ. P. 23, plaintiff brings this action on behalf of himself and all others who purchased defendant's organic bonded abrasive discs in the United States.  Id. ¶ 53.  Within the applicable statute of limitations, plaintiff seeks a nationwide class for Counts II and III and/or a "Kansas Sub-Class" for all counts consisting of those who purchased the discs in Kansas for personal, family, household, business or agricultural purposes.  Id.

## Analysis

Pursuant to Rules 12(b)(2) or 12(f), defendant asks the Court to dismiss or strike plaintiff's class allegations for lack of personal jurisdiction.  Pursuant to Rule 12(b)(6), defendant seeks to dismiss plaintiff's claim for unjust enrichment (Count II) because plaintiff's claims for violation of the KCPA (Count I) and breach of warranty (Count III) displace his equitable claim for unjust enrichment.

## I.   Class Allegations

Defendant seeks to dismiss or strike plaintiff's class allegations, arguing under Bristol-Myers Squibb Company v. Superior Court of California, 582 U.S. 255 (2017) and Stacker v. Intellisource, LLC, No. 20-2581-JWB, 2021 WL 2646444 (D. Kan. June 28, 2021), that as to class members who purchased its products outside Kansas, the Court lacks personal jurisdiction over it.  See Fed. R. Civ. P. Rules 12(b)(2), 12(f).  Plaintiff responds that at this stage of litigation, before discovery and before plaintiff has filed a motion for class certification, the Tenth Circuit disfavors motions to strike class allegations and that in class actions, most courts have held that the Court need only have personal jurisdiction over the named plaintiff.

To start, motions to strike class allegations at this early stage in the proceedings are

"generally disfavored." Cleary v. Whole Foods Mkt. Rocky Mountain/Sw. L.P., No. 15-cv-01247-MEH, 2016 WL 7048899, at *2 (D. Colo. Dec. 5, 2016) see also Wornicki v. Brokerpriceopinion.com, No. 13-cv-03258-PAB-KMT, 2015 WL 1403814, at *4 (D. Colo. Mar. 23, 2015) ("[I]n most circumstances, it is appropriate for courts to allow discovery before determining whether class certification is appropriate."). Defendant must therefore demonstrate that from the face of plaintiff's complaint "it will be *impossible* to certify the classes" alleged by plaintiff "regardless of the facts" plaintiff may be able to prove. Francis v. Mead Johnson & Co., No. 10-cv-00701-JLK, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010) (emphasis in original).

As noted, defendant relies on Stacker to argue that the Court lacks specific jurisdiction over the claims of the actual and potential class members who purchased its products outside Kansas. Plaintiff responds that under controlling precedent, only the named plaintiff in a class action must satisfy jurisdictional requirements to bring suit against defendant. See e.g., Mussat v. IQVIA, Inc., 953 F.3d 441 (7th Cir. 2020) (in class action, the Court need only conduct personal jurisdiction analysis for named plaintiff).

In Stacker, the honorable John W. Broomes held that Bristol-Myers and other Supreme Court precedent foreclose "a nationwide class action that is not limited to a nonresident defendant's conduct in the forum state." Id. at *8. In Bristol-Myers, 600 plaintiffs—most of whom were not California residents and most of whose injuries occurred outside of California—brought a mass tort action in California state court. 582 U.S. at 258. The Supreme Court held that California lacked specific jurisdiction over Bristol-Myers for claims by out-of-state residents who suffered injuries outside California. Id. at 268. The Supreme Court reasoned that "there must be an 'affiliation between the forum and the underlying controversy'" which occurs in the forum state and that out-of-state plaintiffs lacked that affiliation. Id. at 264 (quoting Goodyear Dunlop Tires

Operation, S.A. v. Brown, 564 U.S. 915, 919 (2011)).  Importantly, the Supreme Court declined

to "confront the question whether its opinion . . . would also apply to a class action in which a

plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of

whom were injured there."  Id. at 278 n.4.

In Stacker, Judge Broomes noted that after Bristol-Myers, courts have largely taken three

approaches to this issue.  2021 WL 2646444, at *8.  Specifically, Judge Broomes observed as

follows:

> First, a limited number of district courts and one circuit court have held that this
> issue should be deferred until class certification.  See Molock v. Whole Foods
> Market Group, Inc., 952 F.3d 293, 295–300 (D.C. Cir. 2020).  Second, a limited
> number of district courts have held that the due process concerns in Bristol-Myers
> apply to defendants in a class action and struck or dismissed class claims on this
> basis.  See Carpenter v. PetSmart, Inc., 441 F. Supp. 3d 1028, 1035 (S.D. Cal. 2020)
> (citing cases).
>
> * * *
>
> Finally, the majority of district courts and two circuit courts have held that
> Bristol-Myers does not apply outside of mass tort cases. See Mussat, 953 F.3d at
> 445–48; Lyngaas v. Ag, 992 F.3d. 412, 434–38 (6th Cir. 2021).

Id. at *8.  Judge Broomes embraced a minority approach and held that the due process

concerns in Bristol-Myers applied to defendants in a class action and therefore struck

plaintiff's class claims.  Id. at *11.

The Court respectfully declines to follow Stacker and instead, embraces the

majority approach taken by the Sixth and Seventh Circuits.  In Mussat, the Seventh Circuit

explained that before Bristol-Myers, federal courts had "a general consensus that due

process principles did not prohibit a plaintiff from seeking to represent a nationwide class

in federal court, even if the federal court did not have general jurisdiction over" defendant.

953 F.3d at 445.  As for specific jurisdiction, the Seventh Circuit explained that courts

assessed "minimum contacts, purposeful availment, and relation to the claim . . . only with respect to the named plaintiffs." Id.  Accordingly, "[o]nce certified, the class as a whole is the litigating entity, and its affiliation with a forum depends only on the named plaintiffs." Id. (citation omitted).

The Seventh Circuit held that Bristol-Myers did not disturb "[d]ecades of case law" supporting this approach because plaintiffs in Bristol-Myers "brought their case as a coordinated mass action, which is a device authorized under [S]ection 404 of the California Civil Procedure Code, but which has no analogue in the Federal Rules of Civil Procedure." Id. at 446.  Unlike mass tort actions in California, lead plaintiffs in a Rule 23 class action "earn the right to represent the interests of absent class members by satisfying all four criteria of Rule 23(a) and one branch of Rule 23(b)." Id. at 447.  The Seventh Circuit reasoned that class actions "are different from many other types of aggregate litigation, and that difference matters in numerous ways for the unnamed members of the class." Id. at 446–47.  For example, (1) absent class members are not considered parties in assessing diversity under 28 U.S.C. § 1332; (2) absent class members may piggyback on claims of named plaintiffs for purposes of Section 1332's amount-in-controversy requirement; and (3) absent class members are not considered for venue purposes. Id. at 447.  Ultimately, the Seventh Circuit found "no reason" to treat personal jurisdiction "any differently from subject-matter jurisdiction and venue: the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." Id.

Finally, the Seventh Circuit in Mussat emphasized that Rule 23 supported "a focus on the named representative for purposes of personal jurisdiction." Id. at 448.  When

-7-

considering Rule 23(b)(3)'s factors relevant to class certification, it explained that Rule 23

rests on the presumption that "a class action may extend beyond the boundaries of the state

where the lead plaintiff brings the case" and that "nothing in the Rules frowns on

nationwide class actions," even in a forum where defendant is not subject to general

jurisdiction.  Id.  For these reasons, the Seventh Circuit held that unnamed class members

"are more like nonparties, and thus there is no need to locate each and every one of them

and conduct a separate personal-jurisdiction analysis of their claims."   Id.; see also

Lyngaas, 992 F.3d at 433 (declining to extend Bristol-Myer to class actions).

The Court agrees with Mussat and declines to extend Bristol-Myers to the class

action at issue.  Defendant's sole argument is that the Court should preemptively deny class

certification based on Bristol-Myers.  Therefore, it has not "conclusively" shown that

plaintiff "will be unable to establish facts that would make class treatment appropriate."

Wornicki, 2015 WL 1403814, at *4.  The Court denies defendant's motion to dismiss or

strike plaintiff's class allegations.

## II.      Unjust Enrichment

Plaintiff alleges that he and putative class members would not have purchased defendant's

products had they known that they could not safely use such products and that defendants were

unjustly enriched to the detriment of plaintiff and the putative class.  Defendant asks the Court to

dismiss plaintiff's claim for unjust enrichment (Count II) because plaintiff's claims for violation

of the KCPA (Count I) and breach of warranty (Count III) displace plaintiff's equitable claim for

unjust enrichment.

Because unjust enrichment claims are equitable, they generally are not available when an

adequate remedy exists on a legal claim.  Deeds v. Waddell & Reed Inv. Mgmt. Co., 47 Kan. App.

2d 499, 511, 280 P.3d 786, 795 (2012) (citing <u>Nelson v. Nelson</u>, 288 Kan. 570, 597, 205 P.3d 715, 734 (2009)) (affirming summary judgment on unjust enrichment claim based on existence of adequate statutory remedy); <u>see also</u> <u>J.W. Thompson Co. v. Welles Prods. Corp.</u>, 243 Kan. 503, 511, 758 P.2d 738, 744 (1988) (describing unjust enrichment claim).  At the pleading stage, however, under Federal Rule of Civil Procedure 8(d), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

Even if plaintiff cannot take his unjust enrichment and statutory claims to judgment, the Court declines to dismiss plaintiff's unjust enrichment claim at this time, on the theory that legal claims for relief displace it.  <u>See</u> <u>In re Motor Fuel Temperature Sales Practices Litig.</u>, 534 F. Supp. 2d 1214, 1235–36 (D.Kan.2008); <u>see also</u> <u>Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.</u>, 598 F. Supp. 2d 1185, 1192–93 (D. Colo. 2009).[1]

**IT IS THERFORE ORDERED** that <u>Defendant Milwaukee Electric Tool Corporation's Motion To Dismiss Count II Of Plaintiff's Complaint And Motion To Dismiss Or Strike Plaintiff's "Nationwide Class" Allegations</u> (Doc. #11) filed March 24, 2023 is hereby **OVERRULED.**

Dated this 10th day of July, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[1] Defendant argues that even under Rule 8(d), plaintiff's claim fails because he did not expressly plead it in the alternative.  Defendant cites no authority to support this conclusion. Rule 8(d) permits plaintiff to set out two or more statements of a claim.